IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DONTELL SAWYER,

     Plaintiff,

v.

                                    Case 1:26-cv-01156-JDB-tmp

FRANK STRADA, *et al.*,

     Defendants.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE,
DENYING LEAVE TO AMEND,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL,
AND
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE AND STRIKE
RECOMMENDATION

On July 17, 2026, the Plaintiff, Dontell Sawyer, Tennessee Department of Correction ("TDOC") prisoner number 391164, who is currently incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a pro se civil complaint pursuant to 42 U.S.C. § 1983 (Docket Entry ("D.E.") 1) and a motion for leave to proceed in forma pauperis ("IFP") (D.E. 2) supported by a copy of his trust fund account statement (D.E. 2-1). On July 21, 2026, the Court granted leave to proceed IFP and assessed the $350 filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915, *et seq*. (D.E. 4.)

The complaint is now before the Court for purposes of screening Plaintiff's claims pursuant to the PLRA. The pleading alleges violations of Sawyer's Fifth, Eighth, and Fourteenth Amendment rights premised on his belief that his sentence has been incorrectly calculated. For

the reasons explained below, the complaint is DISMISSED WITHOUT PREJUDICE and leave to amend is DENIED.

## I.  BACKGROUND

On July 7, 2017, in the Davidson County, Tennessee, Criminal Court, Sawyer pleaded guilty to one count of possession of a controlled substance with intent to sell.  The trial court sentenced him to ten years in the custody of the TDOC with a multiple offender thirty-five percent release eligibility.  The trial court directed that his sentence be served consecutively to sentences imposed in three prior cases.

## II.  FACTUAL ALLEGATIONS

Plaintiff alleges that the "time keepers of TDOC have calculated a wrong amount of years" for his sentence.  (D.E. 1 at PageID 2.)  He contends that, although he was sentenced to ten years, he has "an expiration date" of June 10, 2031.  (*Id.*)  He claims this incorrect calculation violates his constitutional rights "by being illegally detained on a void judg[]ment or expired sentence if [he has] to be held past [his] current expiration date."  (*Id.*)

The inmate sues TDOC Commissioner Frank Strada, NWCX Warden Henry Holiday, and TDOC Records Clerk FNU Camala.  He "humbly prays that this honorable court will enforce an injunctive relief order [to] ensure all liberties are reinstated per constitutional amendments."  (*Id.*)

## III.  SCREENING

### A.  Legal Standard.

The district court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

2

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether a complaint states a claim on which relief may be granted, the district court is to apply the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under these standards, the district court accepts a complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The district court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although the rule mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases afford more deference to pro se complaints than to those drafted by lawyers. *See Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)) ("Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."). Pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) ("a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'").

B.    Requirements to State a Claim Under § 1983.

To state a claim under the statute, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused the constitutional harm while acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

IV.    ANALYSIS

Plaintiff avers that the TDOC has incorrectly calculated his sentence maximum date. When a prisoner seeks to challenge the duration of his confinement, his sole remedy is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Courts have rejected attempts by prisoners to use § 1983 as a vehicle for obtaining sentence credit or recalculations of sentences. *See Shabazz v. Van Benschoten*, No. 92-2380, 1993 WL 225324, at *1 (6th Cir. June 24, 1993). Thus, to the extent the prisoner seeks a recalculation of his sentence, this Court is unable to grant relief under § 1983.

Sawyer also fails to state a claim for injunctive relief based on the alleged miscalculation of his sentence. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that:

> in order to recover damages [or injunctive relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87 (internal footnote omitted); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Courts have applied *Heck* to § 1983 actions challenging sentence calculations or a failure to award sentence credits properly. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam);

4

*Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (for purposes of *Heck*, "[i]t is irrelevant whether the challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten the sentence by awarding good-time credits"); *Eldridge v. Brooks*, No. 3:19-CV-128-CLC-DCP, 2019 WL 6139099, at *2 (E.D. Tenn. Nov. 19, 2019) (plaintiff's claim that he served an extra ten months in jail barred by *Heck* because it related "directly to the duration of his former confinement"); *Wiley v. Myatt-Lewis*, No. 3:15-cv-0885, 2015 WL 5022554, at **2-3 (M.D. Tenn. Aug. 14, 2015); *Blair v. Stalder*, Civil Action No. 07-836-C, 2008 WL 482602, at *2 (M.D. La. Jan. 14, 2008) (plaintiff's claims barred by *Heck* because favorable resolution would "necessarily imply that the plaintiff's sentence of confinement should be recalculated and likely curtailed").

Plaintiff fails to demonstrate that his sentence has been reversed, expunged, declared invalid, or called into question. He also falls short of establishing that he has challenged the calculation of his sentence under Tennessee's Uniform Administrative Procedure Act (the "UAPA"). *See Murphy v. Dep't of Corr.*, No. 3:19-cv-00487, 2019 WL 4167343, at *2 (M.D. Tenn. Sept. 3, 2019) (setting forth steps prisoner must follow under UAPA to challenge sentence expiration date, release eligibility date, or calculation of sentence reduction credits). *Heck* bars claims where a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Because nothing in the complaint suggests that Plaintiff's conviction or sentence has been invalidated in any way, his claimed constitutional violations are

5

not cognizable under § 1983 and are therefore DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015) ("When courts dismiss claims under *Heck*, they typically do so *without prejudice*").

V.       AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend, however, is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court DENIES leave to amend. Sawyer cannot cure the deficiencies in his complaint because relief is not available under § 1983 and his claims are barred by *Heck*.

VI.       CONCLUSION

For the reasons set forth above:

A.       Plaintiff's § 1983 claims are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1)-(2). Relief is not available under § 1983, and his § 1983 claims are barred.

B.       Leave to amend is DENIED.

C.        The Court recommends that this dismissal be treated as a strike pursuant to §

1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

D.        In accordance with Federal Rule of Appellate Procedure 24(a) and § 1915(a)(3),

the Court CERTIFIES that any appeal in this matter would not be taken in good faith.  If Plaintiff

nevertheless chooses to file a notice of appeal, he must either  pay the entire $605 appellate fee or,

if he is confined at that time, submit a new IFP affidavit and a current, certified copy of his inmate

trust account statement for the last six months, in compliance with § 1915(a)-(b).  The Court

DENIES leave to proceed IFP on appeal.

IT IS SO ORDERED this 27th day of July 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE